IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMIE C. PATTON                                             PLAINTIFF

v.                              CIVIL NO. 16-3089

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                   DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Jamie C. Patton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her request for expedited reinstatement and current application for DIB on July 5, 2013, alleging an inability to work since July 1, 2013, due to a back injury, a left hip injury, depression, anxiety and PTSD (post-traumatic stress disorder). (Tr. 66-73) An administrative hearing was held on September 10, 2014, at which Plaintiff appeared with counsel and testified.[2] (Tr. 544-566).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Court notes the ALJ's December 11, 2014, hearing decision states Plaintiff was represented at the hearing by Sean Libby, a non-attorney representative. (Tr. 17). However, a transcript of the September 10, 2014, administrative hearing reveals Plaintiff was represented by Billy Price, an attorney. (Tr. 544, 546).

1

By written decision dated December 11, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; chronic obstructive pulmonary disease (COPD); an affective disorder; an anxiety disorder; and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19-20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is able to occasionally climb, balance, kneel, stoop, crouch and crawl and must avoid concentrated exposure to pulmonary irritants. In addition, the claimant is able to perform simple, routine and repetitive tasks where interpersonal contact is incidental to the tasks performed and supervision is simple, direct and concrete.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a pneumatic tube operator, a cutter and paster of press clippings, and a film touchup inspector. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on June 16, 2016. (Tr. 4-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 15th day of December 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE